WILLIAM W. BENNETT *vs.* CITY INSURANCE COMPANY.

Suffolk.   March 10. — June 19, 1874.   COLT & ENDICOTT, JJ., absent.

Where a policy of insurance issued by an insurance company in the name of A. has been sent to the agent of A., and shortly afterwards is returned by the agent to the company with a request to have it made payable to B., and the company cancels the first policy, and makes a new one to B. ; and there is evidence that what was done after the delivery of the first policy to A., by the agent, was done without the knowledge or authority of A.; the keeping of the new policy by B. for seven months does not as a matter of law constitute an acceptance, on the part of A., of the new policy, although it is admitted by A. that the possession of the policy by B. was not fraudulent.

CONTRACT on a policy of insurance containing the following provisions : " No insurance whether original or continued shall be considered as binding until actual payment of the premium," and, " If this insurance be a mortgagee's interest, the assured shall assign to this company, in case of loss, an interest in said mortgage equal to the amount of loss paid."

At the trial in the Superior Court, before *Lord*, J., the loss was admitted, and there was evidence tending to show that a policy was issued by the defendant to the plaintiff, through an insurance agent named Prince, who was not the defendant's agent, about November 6, 1871, and that about November 15, 1871, the policy was returned by Prince to the defendant with a request, as alleged by the defendant, to " make a policy payable to Charles A. Kingsbury, mortgagee ; " or as alleged by Prince, to " make the original policy payable in case of loss to Charles A. Kingsbury, mortgagee ; " that the request, however made, was made without the knowledge or authority of the plaintiff ; neither Prince or Kingsbury having authority from the plaintiff to alter or change said policy in any way ; and that said policy came into the possession of Kingsbury by mistake ; that the defendant cancelled the original policy and issued a new one to Kingsbury as mortgagee, containing also the above provisions ; that Kingsbury received the policy and retained it for seven months, when the insured premises were destroyed by fire ; that the plaintiff then for the first time knew of the alteration of the policy ; that Kingsbury offered to surrender the second policy if the defendant would pay the first one ; but this the defendant refused, offering however to pay the second on Kingsbury assigning his mortgage to it, in accordance with the provisions of his policy ; that the plaintiff paid Prince the premium on his policy when he received it, but Prince did not pay it over to the defendant until December, 1871, after the issue of the second policy, when he paid it together with other premiums paid on policies issued through him. In the course of the trial the presiding judge inquired of the counsel for the plaintiff whether it was claimed that the possession of the policy by Kingsbury was fraudulent, to which the counsel replied that no such claim was made.

The presiding judge ruled that upon the foregoing evidence the case could not be submitted to the jury, " because as matter of law the keeping of the policy by Kingsbury, for seven months, was an acceptance by the plaintiff of the second policy as a substitute for the first, notwithstanding the plaintiff gave no authority to Kingsbury, or Prince, or any one to have any change made in the policy, and notwithstanding the plaintiff had no knowledge of the circumstances : " and directed the jury to return

a verdict for the defendant; the plaintiff excepted to the above ruling.

*W. Gaston & W. A. Field*, for the plaintiff.

*J. Turner*, (of Rhode Island,) for the defendant.

AMES, J.    The defendant insists that the original policy did not take effect for the reason that the premium was not paid; and also that it was cancelled before the loss occurred. It is not denied that the plaintiff paid the amount of the premium, but the defendant insists that this payment was upon the new policy. It appears that the original policy soon after its issue found its way back into the defendant's hands, and that a new one was issued by it, which it insists is still outstanding and in force, and upon which it professes to be ready to pay the loss.

But the plaintiff claims that he was not a party to this substitution; that it was transacted without his knowledge or consent; that it was not consented to by any person acting under any authority express or implied from him; that it was the result of mistake which did not come to his knowledge till after the loss occurred, and that the effect of the new policy is not merely to insure Kingsbury the mortgagee against loss, but also to require him in case of loss to assign the mortgage to the defendant, and thereby to deprive the plaintiff of all benefit from the policy. If the original policy took effect when it was first issued, and we see no reason to doubt it, it would continue in force until it was cancelled or modified by mutual consent. The alleged substitution of a new and different policy in its place could not be made by the defendant without the consent of the plaintiff, or of some person acting by his authority. Whether there had been any such consent or authority was a question of fact, and should have been submitted to the jury. The keeping of the new policy by Kingsbury the mortgagee for seven months, was a matter eminently proper for their consideration, as having some tendency to show an acceptance by the plaintiff of the alleged new arrangement. It was a mistake however to rule that as a matter of law it constituted an acceptance on the plaintiff's part. He should have been permitted to show that he gave no authority to any one to make the substitution, and that he had no knowledge of the circumstances and matters of fact relied upon by the defendant. If the alleged cancellation occurred without his express consent,

or under such circumstances that his concurrence should not be implied, the defendant is liable upon the original policy, and the case should have been submitted to the jury with an instruction to that effect.                                    *Exceptions sustained.*