[Civ. No. 776.   First Appellate District.—December 19, 1910.]

## AMERICAN GLOVE COMPANY, a Corporation, Appellant, v. PENNSYLVANIA FIRE INSURANCE COMPANY, a Corporation, Respondent.

FIRE INSURANCE—CANCELLATION OF POLICY BEFORE LOSS.—Where a loss by fire occurred on April 19th, and under a provision in the policy that "This policy shall be canceled at any time at the request of the insured, or by the company giving five days' notice of such cancellation," a notice was on the ninth day of April signed and mailed to the insured by the Pacific Coast manager of the fire insurance company, which described the policy, and expressed the "desire to terminate our liability" thereunder, and stated: "The policy will be canceled on our books on the 14th inst., five days from date," which notice was received by the insured on April 11th, the notice was given and received as that of the company, and effected a cancellation of the policy before the loss according to its terms.

ID.—FORM OF NOTICE OF CANCELLATION.—The notice of cancellation need not be in any particular form, so long as it is distinct and unequivocal notice that the insurer has canceled the policy.

ID.—INAPPLICABLE RULE—TIME OF NOTICE.—The rule which is applied where *no time of notice is required* that the notice must express a present and not a future cancellation does not apply to the case where five days' notice of cancellation is required by the terms of the policy.

ID.—TERMS OF NOTICE—MERE FUTURE INTENTION TO CANCEL NOT EXPRESSED.—The notice given in this case did not express a mere intention of defendant thereafter to avail itself of the cancellation privilege, but expressed a present resort thereto which would become effective at the end of the prescribed period of notice.

ID.—AFFIRMATIVE ACT OF CANCELLATION NOT REQUIRED.—No affirmative act of *cancellation beyond the giving of the notice is necessary.*

ID.—TIME OF EFFECTIVENESS OF CANCELLATION—IMMATERIAL FACTS.—The cancellation became effective five days after the receipt of the notice by plaintiff, which was April 11th, and would expire April 16th, prior to the loss. The facts that the notice fixed April 14th as the day on which the cancellation would become effective, and that the company prematurely notified plaintiff that the cancellation had become effective, are wholly immaterial.

ID.—IMMATERIAL MISTAKE IN DESIGNATION OF FIVE DAYS—SUFFICIENCY OF NOTICE NOT IMPAIRED.—A mistake in designating the five days *does not impair the sufficiency of the notice* as a notice of cancellation, as of the day when the period expired, that being before the date of the loss.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Louis H. Brownstone, for Appellant.

Goodfellow & Eells, for Respondent.

KERRIGAN, J.—This is an appeal from an order denying plaintiff's motion for a new trial in an action brought by it upon a fire insurance policy issued by the defendant company.

The policy covered certain property located in San Francisco, and it was issued November 25, 1905, insuring the property in the sum of $1,500 for one year from November 30th following. It contained among others the following provision: "This policy shall be canceled at any time at the

request of the insured, or by the company giving five days' notice of such cancellation.''

The property insured was destroyed April 19, 1906. The sole question in the case is whether or not the policy was in force at the time of the loss or had been canceled prior to that time by the defendant.

The evidence in the case upon the point was briefly as follows: R. W. Osborn was the Pacific Coast manager of the defendant. Ten days before the loss occurred, on April 9, 1906, the following notice was mailed to plaintiff:

"San Francisco, April 9th, 1906.

"Register.

"American Glove Co., 3648 19th street, S. F.

"Gentlemen:—We desire to terminate our liability under Policy No. 170062 issued in your favor for $1500, covering on stock of gloves and machinery. The policy will be canceled on our books on the 14th inst., five days from date. Kindly return the policy to this office, together with the earned premium of $5.15 on that date. The plant being shut down permanently makes it undesirable. Bill enclosed herewith.          Yours very truly,

"R. W. OSBORN,

"I enclo.                                        Manager.''

This notice was received by plaintiff on April 11th, eight days before the loss. On April 13th a second notice was mailed to plaintiff, in which, referring to the earlier notice, it was said:

"April 13th, 1906.

"American Glove Co., 3648 19th street, S. F.

"Gentlemen:—We are in receipt of a copy of the cancellation notice mailed to you on the 11th day of April, wherein our policy No. 170062 was canceled. We hold your registered letter receipt for said letter, and we herewith beg to confirm said cancellation, and to advise you that no liability exists under the said policy. Please return it to this office in the envelope herewith.

"Very truly yours,<br>"R. W. OSBORN,

"I enclo.                                Manager, F. C. ''

This second notice was not received by plaintiff until after the loss had occurred.

Plaintiff first contends that the notice of cancellation was ineffectual because signed "R. W. Osborn," and not "The Pennsylvania Fire Insurance Company, by R. W. Osborn, Manager." With this we cannot agree. There can be no doubt that the notice was both given and received as a notice from the company. It notified the plaintiff that "We desire to terminate our liability under policy No. 170,062," and that five days thereafter the policy will be canceled on "our" books. This language of course referred, as the plaintiff must have understood, to the insurance company, which alone had any "liability under policy No. 170,062," and on whose books alone a cancellation entry could be made, and on whose behalf the notice was signed by its manager.

The notice need not be in any particular form so long as it is distinct and unequivocal notice that the insurer has canceled the policy. (*Colonial Assur. Co.* v. *National Fire Ins. Co.*, 110 Ill. App. 471.) "It is sufficient if the insured has notice that the proper local agent of the company has received instructions that the company will no longer be liable, directions to the agent to terminate the risk and cancel the policy when communicated to the insured being regarded as effective as the most express notice that the policy had been terminated. (*Springfield Fire Ins. Co.* v. *McKinnon*, 59 Tex. 507"; 3 Cooley's Briefs on the Law of Insurance, 2793.)

In one of the cases just cited—*Colonial Assur. Co.* v. *National Fire Ins. Co.*—the managers of the defendant company in New York had sent a letter to its special agent in Chicago asking them to release certain policies. This letter, when shown to the insured by the special agent, was held in itself to be sufficient "notice of such cancellation" within the requirements of the policy, the terms of which were the same in this respect as those of the policy in the present case. A subsequent notice to the insured signed "Worthington & Co., special agents," and much less formal than the one here involved, was held sufficient.

We have no doubt of the correctness of the finding of the trial court that the notice of cancellation given in this case is sufficient.

Plaintiff in the same connection argues that the notice of April 9th was not a notice of cancellation, but merely of an intention to cancel, and therefore insufficient. But the notice

expressed defendant's present "desire to terminate liability." The policy required "five days' notice of such cancellation," and for this reason the form of expression was adopted that the policy "will be canceled on our books on the 14th inst., five days from date." Moreover, the insured was asked to return the policy with the earned premium on that date. The meaning of this was in substance that the insurance company, desiring then to cancel the policy and to terminate its risk, thereby gave the insured the five days' notice prescribed by the policy, at the expiration of which the cancellation would become effective.

Under many policies of insurance, and especially those considered in the earlier cases, no period of notice of cancellation is required, but it is provided that the insurance may at any time be terminated by the company on giving notice thereof to the insured. When such a provision has been involved, it has been uniformly held that the notice given the insured must show a present cancellation and not a mere intention to cancel in the future. Such a case is *Van Valkenburgh* v. *Lenox Fire Ins. Co.*, 51 N. Y. 465, relied upon by plaintiff. In another case cited by plaintiff, *Gardner* v. *Standard Ins. Co.*, 58 Mo. App. 611, the agent of the insurance company, having received instructions to cancel a certain policy, wrote to the insured that the company "will cancel the policy I sent you," and that he would send a policy in another company when he received a certain survey. In that case the court said that this letter was never intended by the writer of it to be taken or interpreted as a cancellation of the policy, and "amounted to no more than information coming to plaintiff's ears through any third person of the intention of the company to cancel the policy."

It is clear that such cases are inapplicable to the case at bar. Here five days' notice of cancellation was required by the policy, and that notice was given. The notice did not express a mere intention of the defendant to thereafter avail himself of the cancellation privilege, but a present resort to it, which would become effective at the expiration of the prescribed period of notice.

In *Davidson* v. *German Ins. Co.*, 74 N. J. L. 487, [65 Atl. 996, 13 L. R. A., N. S., 884], the converse of the question

15 Cal. App.—6

raised by plaintiff was presented. There, under a cancellation clause similar to the one here involved, the trial court had instructed the jury that a notice that "your policy is canceled" was no notice at all, the required form being, "Your policy will be canceled in five days." In holding this instruction to be erroneous the court of errors and appeals said: "The notice is not required to be in writing. It may be verbal or oral. No particular form of notice is prescribed. It is only necessary that the company positively, distinctly and unequivocally indicate to the insured that it is its intention that the policy shall cease to be binding as such upon the expiration of five days from the time when this intention is made known to the insured. And it does not matter whether this information is conveyed by the use of the words, 'Your policy will be canceled in five days,' or 'Your policy is already canceled.'"

Even where the policy permits immediate cancellation upon notice, an unequivocal notice that the company will, on and after a certain future date, consider the policy canceled is held effective. The assured upon whom such a notice was served would be left in no doubt of the purposes of the company. He could not fail to understand that it was notice of the cancellation of the policy, to take effect on the day named in the notice. (*Lattan* v. *Royal Ins. Co.*, 45 N. Y. 453, 458.)

It is finally contended by plaintiff that some affirmative act of cancellation by the company, in addition to the notice given by it to the insured, was necessary to terminate its liability, and that the "act of cancellation" mentioned in the letter of April 13th was premature, five days not having elapsed since either the mailing or the receipt of the prior notice, and that consequently the risk was not terminated before the occurrence of the loss. But no affirmative act of cancellation beyond the giving of the notice was necessary. The point under discussion would seem to be settled in this state by the case of *Bergson* v. *Builders' Ins. Co.*, 38 Cal. 541, 547. There the court had notified the insured that unless the unpaid premium was paid by the 31st of December, the policy would be canceled on the following day. The property was destroyed on January 8th, and on that day, but after the fire, the premium not having been paid, the defendant wrote over the note of entry of the policy on its books the word

"canceled." The policy provided for its cancellation upon payment by the company to the insured of any unearned premium, but no unearned premium was at the time in the hands of the defendant. The court said: "The plaintiff regards the writing of the word 'canceled' over the note of the entry of the policy in the defendant's books as the cancellation of the policy, and contends that, as this was done after the fire, it came too late. But this is too narrow a construction. The canceling of the policy, as therein provided for, does not mean the physical cancellation of it; for the policy, being in the hands of the insured, was beyond the control of the company. The meaning of the language is that the company might at their election rescind the contract of insurance upon returning the unexpired premium *pro tanto*. The entry in the books, if it is of any significance, amounts only to evidence that the company elected to treat the contract as rescinded. The company, having notified the insured that, if the balance of the premium was not paid by the thirty-first day of December, the company would cancel the policy on the following day—that is, treat it as rescinded—and the money not having been paid by the day mentioned, the company had the right to treat it as rescinded from that time. No further act was requisite on the part of the company to effect the rescission. No money was required to be returned to the insured, for none was due them; and notice that the contract had been rescinded was not necessary to be given, for they were already informed that it would be rescinded if they did not pay the premium, and the notice would not have enabled them to have protected themselves in any manner, under the contract, nor to have avoided or obviated the rescission.

That the notice fixed April 14th as the date on which the cancellation would become effective, or that the company prematurely entered an attempted "cancellation," or prematurely notified plaintiff that such "cancellation" had become effective, are wholly immaterial facts. The cancellation was effective on the expiration of the five days after receipt by plaintiff of the notice of April 9th, that is, on April 16th, the notice having been received on the 11th. "A mistake in designating the five days does not impair the sufficiency of the notice as a notice of cancellation as of the day when

the period expired. (*Philadelphia Linen Co.* v. *Manhattan Fire Ins. Co.*, 8 Pa. Dist. R. 261.) So, when seven days' notice was provided for, if the notice was received seven days before the loss, it was sufficient as a cancellation, though not received seven days before the date fixed therein. (*Emmott* v. *Slater Mut. Fire Ins. Co.*, 7 R. I. 562''; 3 Cooley's Briefs on the Law of Insurance, 2794.)

We find no error in the record, therefore the order appealed from is affirmed.

Hall, J., and Cooper, P. J., concurred.