(83 Misc. Rep. 1.)

AMERICAN FIRE INS. CO. OF NEWARK v. MINSKER REALTY CO.

(Supreme Court, Appellate Term, First Department.    December 4, 1913.)

1. INSURANCE (§ 180*)—PREMIUMS—RIGHT TO RECOVER.
    Whether the insurer can recover on a policy depends on whether insured authorized its issuance and whether it was thereafter duly issued.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 408; Dec. Dig. § 180.*]

2. INSURANCE (§ 136*)—DELIVERY OF POLICY.
    Delivery of an insurance policy to an authorized agent of insured is sufficient delivery to the principal, as regards right to recover the premium.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 219–230; Dec. Dig. § 136.*]

3. INSURANCE (§ 238*)—CANCELLATION—AUTHORITY OF BROKER.
    Mere authority of a broker to effect insurance does not authorize him to cancel it, with the effect of making his principal chargeable with the short rate premium.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 500, 516, 517; Dec. Dig. § 238.*]

Appeal from Municipal Court, Borough of Manhattan, First District.
Action by the American Fire Insurance Company of Newark against the Minsker Realty Company. From a judgment for defendant, after a trial without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

William D. Murray, of New York City, for appellant.
Leo J. Rosett, of New York City, for respondent.

BIJUR, J. The plaintiff sued for the "short rate" premium for the month of November, 1912, on a policy of fire insurance issued at the instance of defendant. Defendant moved to dismiss at the close of plaintiff's case, and renewed the motion at the close of the entire case, on the grounds, first, that the insurance was to cover a permanent loan, and that no such loan was made until November 22d; second, that as no money (premium) was paid, no "short rate" could be recovered; third, as it did not appear that a permanent loan was made, there could be no delivery of a policy.

The case seems to have been tried and decided below on these supposed questions of law, though others are also referred to in the briefs. It is quite apparent that the permanent loan has no relation to the issues in this case. The only questions are whether defendant

authorized the issuance of the policy and whether it was thereafter duly issued.

[1-3] The question of authority will have to be decided in face of a conflict of evidence on that point. The admitted ·delivery of the policy to the agent (if he was agent) was a sufficient delivery to the principal. Singer v. Nat. F. I. Co., 154 App. Div. 783, 139 N. Y. Supp. 375. In my opinion, however, the plaintiff cannot charge the "short rate" on the theory that the policy was canceled by request of the assured. The authority which it cites to the effect that a broker·employed to effect insurance may be regarded as clothed with full authority to cancel it (Standard Oil Co. v. Insurance Co., 64 N. Y. 85) so holds only in respect to a broker who had general authority to transact all the business of his employer, and this distinction is pointed out in Hermann v. Niagara Ins. Co., 100 N. Y. 411, 415, 3 N. E. 341, 53 Am. Rep. 197. Indeed, so far as the case at bar is concerned, the very opposite of what plaintiff claims is decided in Stilwell v. Mutual Life Ins. Co., 72 N. Y. 385.

As the judgment in this case is manifestly based on an erroneous theory of law, it must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.