**896**   Norwich U. F. Ins. Soc., Ltd., *v.* Werner-Disken Co., Inc.

Appellate Term, Second Department, October, 1925.   [Vol. 125

Norwich Union Fire Insurance Society, Ltd., Appellant, *v.* Werner-Disken Company, Inc., and Another, Respondents.

Supreme Court, Appellate Term, Second Department, October 19, 1925.

Insurance — fire insurance — policy may be canceled only by insured or his proper representative — power of broker to secure policies does not authorize cancellation.

A policy of fire insurance may be canceled only by the insured or his proper representative.

The fact that an insurance broker has been employed to secure policies of insurance does not carry with it the right to cancel said policies.

Appeal from judgment of the Municipal Court, Borough of Brooklyn, Sixth District.

*Charles A. Wilson,* for the appellant.

No appearance for the respondents.

Per Curiam:

Judgments unanimously reversed upon the law and new trials granted, with ten dollars costs to appellant in each case to abide the event.

There was no basis for finding that the policies were canceled. The companies never canceled them, under the provisions that would have permitted it. Nor did the insured ever cancel them. The attempted cancellation was made by a representative of the brokerage concern which procured the policies for the insured. Even he did not attempt to cancel them but rather attempted to get the companies to do so. However, had he actually given a notice of cancellation, it would have been ineffectual. A policy may be canceled only by the insured or his proper representative. (*Crown Point Iron Co.* v. *Ætna Ins. Co.,* 127 N. Y. 608.) The record does not show that the broker or his representative had any authority from the insured to cancel the policies. The fact that a broker had been employed to secure the policies did not carry with it the right to cancel them. (*American Fire Ins. Co.* v. *Minsker Realty Co.,* 83 Misc. 1. See, also, *North British & Mercantile Ins. Co.* v. *Gold,* Appellate Term, Second Department, Memoranda Decision, No. 302, April, 1922, Term, and cases therein cited.) The case of *Gately-Haire Co.* v. *Niagara Fire Ins. Co.* (221 N. Y. 162) is not in point. There the cancellation notice was given by the insured. There was no proof to support the counterclaim of the McDonald Company, and the trial court should not have deducted any sum from the amount of its conceded liability.

Present: Cropsey, Lazansky and MacCrate, JJ.