239 P.2d 735

RUSSELL v. STARR et al.

No. 5450.

Supreme Court of New Mexico.

Jan. 9, 1952.

Lewis R. Sutin, Albuquerque, for appellants.

Owen B. Marron, Alfred H. McRae, and Timothy P. Woolston, all of Albuquerque, for appellee.

COMPTON, Justice.

The suit is on account. Appellee alleges that appellants are indebted to him for unpaid insurance premiums on policies issued by National Surety Corporation of New York.

Appellants urge various defenses, among which it is claimed that the policies had been canceled by appellee and that premiums had been paid to date of cancellation. The conclusion we reach on this question disposes of other issues.

On July 11, 1949, appellants then being in arrears in the payment of premiums, received a notice from appellee which reads: "We have made several attempts to locate you during the past week in regard to payment of $2,019.20 due us for premiums on the above policies. We regret very much that we are forced to send notice of cancellation. If you can let us have your check for this premium within the next five days, we shall be very glad to reinstate policies."

The cause was tried to the court and at the conclusion of the testimony, appellants moved for a dismissal of the complaint on the ground that the policies had been canceled as of July 11, 1949, that premiums had been paid to that date, and that the policies had not been reinstated. After having denied the motion, the trial court held that $2,019.20 had been paid on the account and rendered judgment in favor of

appellee for a balance of $1,361.02 covering premiums to September 16, 1949, the date appellee claims to have canceled the policies.

Appellants contend that the notice effected a cancellation of the policies as of July 11, 1949, and that no premiums were due thereafter. Conversely, appellee contends that the notice merely manifests an intention to cancel unless premiums are paid, and that it is nothing more than a collection notice.

Whether the policies were subsequently reinstated was not an issue before the trial court nor is it an issue on appeal. In his brief, appellee says: "In view of the fact that the letter of July 11, 1949, effected no cancellation of the policies, the question of the authority of an agent to reinstate policies is not before the court."

The policies are not before us, but provisions for cancellation do not appear to be questioned. So we will assume that the policies provided for cancellation by the company at any time for failure to pay premiums by giving five days notice in writing. Furthermore, there appears of record a stipulation between the parties which reduces the issues to a single question. The stipulation reads:

"Mr. Marron: * * * The parties stipulate that the three policies described by Exhibit A attached to the complaint were ordered by the defendants from the plaintiff and were delivered by the plaintiff to the defendant, is that correct?

"Mr. Sutin: Yes, sir.

"Mr. Marron: * * * The sole issue as I understand it now between the parties is as to whether the policies were canceled effective July 11, 1949, as to whether any premiums earned thereafter are recoverable from the plaintiffs by the defendants.

"Mr. Sutin: That is correct. * * *"

In the absence of statutory or policy provisions, no particular form of notice is necessary. It is sufficient so long as it gives the insured a definite understanding that the policy is canceled.

Appleman on Insurance, Volume 6, Section 4185, regarding cancellations, has the following to say:

"Although no particular form of notice is necessary, it must give the insured a definite understanding that the policy is canceled, or the insurer's intention to cancel must be so expressed as to give notice to an ordinary man in the exercise of ordinary care. Such notice must be expressed in positive, clear and unequivocal terms. A notice must be in accordance with the policy provisions, and must be explicit, peremptory, and unconditional, so that the insured will not be left in doubt as to the expiration date of the policy. * * *

"A notice stating that if a premium was not paid by a certain time, the policy would stand canceled without further notice, was deemed to be a proper notice, and not a mere expression of an intention to cancel at a future time. And a notice that the policy, which had been canceled as provided, would be reinstated upon payment of the amount due, effected a cancellation. * * *

"A notice that a policy 'is hereby canceled' was construed as being intended to operate according to the terms of the policy at the end of five days, and was not regarded as being inoperative because given in praesenti, instead of at the end of the five days. * * *"

To the same effect, see Gendron v. Calvert Fire Ins. Co., 47 N.M. 348, 143 P.2d 462, 149 A.L.R. 1310; Frontier-Pontiac, Inc., v. Dubuque Fire & Marine Ins. Co., Tex. Civ.App., 166 S.W.2d 746; American Glove Co. v. Pennsylvania Fire Ins. Co., 15 Cal. App. 77, 113 P. 688; Good v. Farmers' Mutual Hail Ins. Ass'n of Iowa, 58 S.D. 106, 235 N.W. 114; Roon v. Van Schouwen, 406 Ill. 617, 94 N.E.2d 880; Hanover Fire Ins. Co. v. Wood, 209 Ala. 380, 96 So. 250.

In Good v. Farmers' Mutual Hail Ins. Ass'n of Iowa, supra [58 S.D. 106, 235 N.W. 116], a similar notice was held to effect cancellation. The notice reads: "* * * And your policy which has been cancelled as provided will be reinstated upon the payment of the amount due * * *."

Applying the foregoing principles, we conclude that the policies were effectually canceled by the notice of July 11, 1949, and that no further premiums were due thereafter. The notice is definite, certain and leaves no doubt as to the expiration date of the policies. It goes further; it even provides a method of reinstatement and it would appear axiomatic that until there is first a cancellation, there can be no reinstatement. Upon receipt of the notice, appellants procured other insurance to cover construction then under way at Clovis, New Mexico. On August 2, 1949, they made an assignment to appellee of $2,019.20 due them from Tri-Cities Electrical Service, Inc., which sum was accepted by appellee, credited to their account and later paid. Also, in August, 1949, an employee of appellants sustained an injury which was not reported to the insurer, compensation therefor being paid by appellants. These acts are compatible with a reasonable interpretation of the notice.

The judgment will be reversed with directions to the trial court to reinstate the case upon its docket and enter an order dismissing the complaint and it is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COORS, JJ., concur.