GARY T. STILEN, APPELLEE, v. CAVALIER INSURANCE CORPORATION, A FOREIGN INSURANCE COMPANY, APPELLANT.

236 N. W. 2d 178

Filed December 11, 1975. No. 40098.

Emil F. Sodoro and Michael P. Cavel, for appellant.

Gerald M. Harrington, for appellee.

Heard before SPENCER, McCOWN, and NEWTON, JJ., and WEAVER and BLUE, District Judges.

WEAVER, District Judge.

This is a declaratory judgment action the object of which was to determine the existence of an automobile liability insurance policy issued by Cavalier Insurance Corporation to Gary T. Stilen and whether the policy was in full force and effect on September 30, 1973, on which date Stilen was involved in an automobile accident. The trial court held in favor of the appellee, Stilen, and this appeal from that decision followed. We affirm.

The stipulation of facts and the exhibits indicate that Cavalier Insurance Company is a foreign corporation, authorized to do business in the State of Nebraska, and that the premium herein was financed by Insurex Corporation which has its principal place of business in Denver, Colorado, and does premium financing and also is the managing general agent for Cavalier. An automobile liability policy was issued to Stilen by Cavalier effective June 22, 1973. On the same date Stilen signed a premium financing agreement with Insurex and paid $101 in cash, $12 of which represented the policy issuance fee and $89 of which represented a downpayment of 25% of the annual premium. On August 6, 1973, Stilen paid $35.51 to Insurex which was received by Insurex on August 9, 1973, and represented the installment due on July 22, 1973. Stilen made no further payments to Insurex.

The Insurex agreement provides in part as follows: "Premium Finance Agreement for financing insurance premiums on policies issued by Insurex Corporation, * * *. If any payment due hereunder is not paid when due * * * the unpaid balance due hereunder shall be immediately due and payable. In such event Insurex Corporation may immediately terminate the agreement and the unearned premiums on the financed policies shall be payable by the insurance companies to Insurex Corporation upon Insurex Corporation's request. * * * Any sum received from an insurance company shall be

credited to the unpaid balance due; any surplus shall be paid over to the party entitled to same * * *." The pertinent portions of the Cavalier policy are: "After this policy has been in effect for sixty days * * * the company shall not exercise its right to cancel the insurance unless: * * * the named insured fails to discharge when due any of his obligations in connection with the payment of premium for this policy or any installment thereof, whether payable directly to the company or its agents or indirectly under any premium finance plan or extension of credit; * * *

"If the named insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancelation is effected or as soon as practical after cancelation becomes effective, but payment or tender of unearned premium is not a condition of cancelation."

On August 29, 1973, *Insurex Corporation* (emphasis added) mailed from Denver, Colorado, a notice of cancellation, addressed to plaintiff at 2501 South 37th Street, Omaha, Nebraska, a portion of which is as follows:

"NOTICE OF CANCELLATION OR NONRENEWAL of Cavalier Insurance Corporation

| Policy No. | Issued | Cancellation Date | Hour | Date of Notice |
|---|---|---|---|---|
| 9149260 | Denver, Colorado | 9-8-73 | 12:01 AM | 8-29-73 |

COPY OF NOTICE SENT TO NAMED INSURED

| Insurance Company | Insurex Corp. 2829 E. 2nd Avenue Denver, Colorado |
|---|---|
| Name and Address of Insured | Gary T. Stilen 2501 So. 37th St. Omaha, Nebraska |

(Applicable item marked ☒)   REASON: NON-PAYMENT PREMIUM
BUDGET INSTALLMENT

☒ You are hereby notified in accordance with the terms and conditions of the above mentioned policy that your insurance will cease at and from the hour and date mentioned above due to nonpayment of premium. A bill for the premium earned to the time of cancellation will be forwarded in due course."

Cavalier erroneously computed the earned premium at the short rate. Cavalier then paid the unearned premium of $248.57 to Insurex Corporation in full settlement of said premium financing agreement. Under the terms of the policy Cavalier should have calculated the earned premium on a pro rata basis and as a result there was $32.03 left to the credit of Stilen, which amount was sufficient to have carried the policy coverage beyond September 30, 1973, the date of the accident.

Section 44-379, R. R. S. 1943, provides that a policy must contain "an appropriate provision for cancellation thereof by either the *insurer* or the insured." (Emphasis added.)

The record contains no evidence that Cavalier canceled the policy, only that Insurex mailed a notice of cancellation. There is no affirmative evidence in the record that Insurex had authority either as a financing agency or as general managing agent to cancel the policy. "Cancellation of the policy is an affirmative defense and the burden is upon a defendant liability insurance company to prove a valid cancellation effective before the liability of the insured arose." 44 Am. Jur. 2d, Insurance, § 1978, p. 921.

"Generally speaking, a strict compliance by the insurer with a policy provision for notice is essential to effect a cancellation by such a notice, and ambiguities in the notice will be resolved in favor of the insured." 43 Am. Jur. 2d, Insurance, § 405, p. 450. The notice sent to Stilen was ambiguous and misleading in that it advised him he would be billed for premium earned to the time of cancellation, when in fact he had a credit due him for unearned premium.

"The burden of establishing an effective cancelation before loss is on the insurer. Notice of cancelation must be in accord, and in substantial compliance, with the provisions of the policy relating thereto, and be peremptorily explicit and unconditional." Petersen v. Ohio Casualty Ins. Co., 131 Neb. 128, 267 N. W. 393.

We hold that a notice of cancellation of insurance for nonpayment of premium or a premium installment must be explicit and, unless accompanied by a remittance to the insured for any unearned premium, must include among other things an accurate statement of the balance of the account and to whom and when such balance is payable.

The judgment of the trial court was correct and is affirmed.

AFFIRMED.

BLUE, District Judge, concurs in the result.