WILLIAM STALEY, *et al.*

*v.*

MUNICIPAL MUTUAL·INS. CO. OF W. VA.

(No. 14317)

Decided September 8, 1981.

*Steptoe & Johnson and Charles W. Yeager* for appellant.

*Baer, Napier & Colburn, William K. Napier and Helen M. Morris,* for appellees.

MILLER, JUSTICE:

Municipal Mutual Insurance Company [Company] appeals from an order of the Circuit Court of Wayne County which denied the Company's motion to set aside a jury verdict in favor of their insureds, William and Laura

Staley, for damages under their fire insurance policy. The Company primarily asserts that the trial court erred in refusing to set aside the jury verdict as the evidence clearly showed that the policy on which the jury awarded recovery had been cancelled. After reviewing the record, we find no reversible error.

The fire insurance policy involved in this controversy was issued in 1974 by the Company on a non-owner occupied dwelling owned by the Staleys in Wayne County. The policy coverage was for a term of three years and provided for the payment of annual premiums. The stated effective date of the policy was December 6, 1974, and its expiration date was December 6, 1977. The policy was issued through an independent insurance agent, the Cole Agency, in Huntington.

After the issuance of the fire insurance policy to the Staleys, the Company, by letter of March 3, 1975, informed the Cole Agency that it was being terminated as its agent. The termination was unrelated to the issuance of the Staley's fire insurance policy. The letter stated that no new or renewal business would be accepted by the Company from the Cole Agency after April 30, 1975. The Company advised that policies already in effect would be permitted to continue until expiration or until their next anniversary date.

On October 30, 1975, the Company mailed the following notice to the Staleys at their home address:

"YOU ARE HEREBY NOTIFIED THAT THE ABOVE MENTIONED POLICY WILL EXPIRE EFFECTIVE 12-06-75, AT NOON, (STANDARD TIME) AT THE LOCATION OF THE PROPERTY INVOLVED, AND THE POLICY WILL NOT BE RENEWED."

Subsequently, on November 4, 1975, an employee of the Cole Agency mailed Mr. Staley the following memorandum:

"Dear Mr. Staley:

"Our Agency doesn't represent Municipal Mutual Ins. Co. any longer.

"We don't have a company that will place coverage that far out. Therefore, coverage will cease 12-6-75.

"Thank you for the past patronage."

After these notices, the Cole Agency on December 6, 1975, billed the Staleys for $52.00—the policy premium due for the following year. Subsequently, on January 9, 1976, the Staleys sent the Cole Agency a check for the premium. The check was accepted by the Cole Agency and cashed.

On January 10, 1976, the house covered by the policy was destroyed by fire. After the fire, the Company refused to pay for the loss. The Staleys then instituted this action for damages in the Circuit Court of Wayne County. At the end of the presentation of the evidence, the trial court allowed the question of whether the policy had been effectively cancelled to go to the jury.

In this appeal, the Company contends the evidence conclusively showed that the policy had been cancelled and, therefore, the trial court should have directed a verdict in its favor. Also, the Company contends the trial court improperly instructed the jury on the law regarding cancellation of an insurance policy.

The parties concede the Company is a Farmers' Mutual Fire Insurance Company and that the provisions of W. Va. Code, 33-22-14, apply to it:

> "All notices of cancellation of policies or reduction thereof and all other notices to members required by this article shall be delivered personally or mailed in a sealed envelope addressed to the last known address of the member and when so given they shall be deemed sufficient and binding upon the member so notified."

While we have case law on what constitutes adequate transmittal of a notice of cancellation, *National Grange Mutual Insurance Company v. Wyoming County Insurance Agency, Inc.*, 156 W. Va. 521, 195 S.E.2d 151 (1973); *Laxton v. National Grange Mutual Insurance Company*, 150 W. Va. 598, 148 S.E.2d 725 (1966), we have not discussed in any detail the form that such a notice must take. In *Huff v. Columbia Insurance Company*, 94 W. Va. 663, 673,

119 S.E. 854, 857 (1923), after placing the burden of proving cancellation on the company, we said that "transactions involving alleged cancellation are to be construed reasonably and fairly and in accord with the evident understanding of the parties at the time." (Emphasis omitted) Factually, *Huff* involved an agent who requested an insured to send in a policy for cancellation so that the insurance company might consolidate all the insured's coverage under one policy. In the interim, the insured suffered a loss. We declined to disturb a finding by the jury that the attempted cancellation was ineffective. In this case, we are confronted with an attempted unilateral cancellation of a fire insurance policy by the Company.

Other jurisdictions hold that a notice of cancellation of insurance must be clear, definite and certain. While it is not necessary that the notice be in any particular form, it must contain such a clear expression of intent to cancel the policy that the intent to cancel would be apparent to the ordinary person. *Fidelity & Casualty Co. of New York v. Jacks,* 231 Ala. 394, 165 So. 242 (1936); *Bessette v. Fidelity & Casualty Co.,* 111 Conn. 549, 150 A. 706 (1930); *DiProspero v. Nationwide Mutual Fire Insurance Company,* 30 Conn. Supp. 291, 311 A.2d 561 (1973); *Conley v. Ratayzcak,* 92 Ill. App.3d 29, 414 N.E.2d 500 (1980); *Gulesian v. Senibaldi,* 289 Mass. 384, 194 N.E. 119 (1935); *Strong v. Merchants Mutual Insurance Company,* 2 Mass. App. 142, 309 N.E.2d 510 (1974); *Transamerica Ins. Co. v. Bank of Mantee,* 241 So.2d 822 (Miss. 1970); *Stilen v. Cavalier Ins. Corp.,* 194 Neb. 824, 236 N.W.2d 178 (1975); *Russell v. Starr,* 56 N.M. 49, 239 P.2d 735 (1952); *Schwer v. Benefit Ass'n of Ry. Employees, Inc.,* 153 Ohio St. 312, 91 N.E.2d 523 (1950); *Frontier-Pontiac, Inc. v. Dubuque Fire & Marine Ins. Co.,* 166 S.W.2d 746 (Tex. Civ. App. 1942). As a corollary to the foregoing rule, it has been often held that all ambiguities in the notice will be resolved in favor of the insured. *Hart v. MFA Insurance Company,* 597 S.W.2d 105 (Ark. App. 1980); *New Amsterdam Casualty Company v. Russell,* 102 Ga. App. 597, 117 S.E.2d 239 (1960); *Farmers Automobile Insurance Association v. Pursley,* 130 Ill. App.2d 980, 267 N.E.2d 734 (1971); *Farmers Insurance Group v. Merrywea-*

*ther,* 214 N.W.2d 184 (Iowa 1974); *Lundy v. Lititz Mutual Insurance Company,* 232 S.C. 1, 100 S.E.2d 544 (1957); *Diamond T. Utah, Inc. v. Canal Insurance Company,* 12 Utah 2d 37, 361 P.2d 665 (1961). This holding is analogous to our traditional rule that any ambiguities in an insurance policy will be resolved in favor of the insured. *Keffer v. Prudential Insurance Company of America,* 153 W. Va. 813, 816-17, 172 S.E.2d 714, 716 (1970); *Green v. Farm Bureau Mut. Auto. Ins. Co.,* 139 W. Va. 475, 476, 80 S.E.2d 424, 425 (1954); *Thompson v. State Automobile Insurance Co.,* 122 W. Va. 551, 11 S.E.2d 849 (1940).

In the case before us the notice sent by the Company to the Staleys did not mention cancellation of the policy and did not contain either the words "cancelled" or "cancellation." The notice instead referred to "non-renewal" of the policy. This fact, coupled with the policy specifically stating that the renewal date of the policy was December 6, 1977, created an ambiguity in the attempted notice of cancellation. Moreover, the fact that the Staleys received and paid a bill for the premium due under the policy has a further bearing on our finding ambiguity in the notice. In light of the above, we do not believe the trial court abused its discretion in not directing a verdict for the Company on the basis of the October 30, 1975 notice.

The Company also seeks to rely on the November 4, 1975 memorandum from the Cole Agency to the Staleys as constituting sufficient notice of cancellation of the policy. At the time of the issuance of the policy to the Staleys, the Cole Agency was a soliciting agent for the Company. This agency relationship, however, was terminated by the Company on April 30, 1975.

In *Huff, supra,* we concluded in Syllabus Point 2 that where an insurance agent who solicits business for an insurance company attempts to make a cancellation of the insurance policy, he generally has no authority to do so:

> "There is no implied authority on the part of a soliciting agent, or the broker who procures the insurance, to bind the insurer by accepting a surrender of the policy."

The general rule regarding an agent's authority to give notice of cancellation is that a mere soliciting agent has no implied authority to cancel the policy on behalf of the insurer. *See,* 45 C.J.S. *Insurance* § 447 (1946); *Couch on Insurance 2d* § 67.67 (1967). As stated in *Couch:*

> "The fact that a person is admittedly the agent of the insurer does not give the agent the authority to cancel the policies of insurance .... Hence, the reservation of a right to terminate the contract at the insurer's option, on notice, gives an agent no authority to rescind without the consent of the parties." *Id.*

*See, Cheatem v. Cook,* 8 Ill.App.3d 425, 290 N.E.2d 707 (1972); *Bennett v. City Insurance Company,* 115 Mass. 241 (1874); *Norwich Union Fire Ins. Soc. v. Werner-Disken Co.,* 125 Misc. Rep. 896, 212 N.Y.S. 759 (1925); *cf. Lusk v. American Central Insurance Co.,* 80 W. Va. 39, 91 S.E. 1078 (1917).

There is no indication in the record of this case that the Cole Agency had been appointed a general agent for the Company, nor is there any indication that the Cole Agency was specially given the authority to cancel policies issued by the Company. As previously noted, the Company, by its letter of April 30, 1975 to the Cole Agency, terminated the agency relationship. This termination was prior to the transmission of the Cole Agency's November 4, 1975 memorandum to the Staleys. On the basis of these facts, we conclude that the Cole Agency did not have authority to cancel the policy and that the notice sent by the Cole Agency to the Staleys, therefore, could not have effected a cancellation of the policy.

Since neither the notice sent by the Company nor the notice sent by the Cole Agency to the Staleys was sufficient to cancel the policy, we are of the view that the trial court was correct in refusing the Company's motion for a directed verdict.

We have concluded that the notices sent to the Staleys were insufficient to constitute adequate notice of cancel-

lation. Therefore, we find it unnecessary to consider the instructions given in regard to adequate transmittal of a notice of cancellation. *See National Grange Mutual Insurance Company v. Wyoming County Insurance Agency, Inc., supra.*

For the foregoing reasons, we affirm the judgment of the Circuit Court of Wayne County.

*Affirmed.*