542 S.E.2d 860

Donna Drake GANDEE, Plaintiff
below, Appellee,

v.

ALLSTATE INDEMNITY COMPANY,
Defendant below, Appellant.

No. 27712.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 19, 2000.

Decided Dec. 5, 2000.

L. David Duffield, Esq., Chad S. Lovejoy, Esq., The Duffield Law Firm, Huntington, West Virginia, Attorneys for Appellee.

Charles M. Love, III, Esq., Ronda L. Harvey, Esq., Bowles, Rice, McDavid, Graff & Love, P.L.L.C., Charleston, West Virginia, Attorneys for Appellant.

PER CURIAM:

This is a declaratory judgment action filed against an insurance company to determine whether a cancellation notice mailed to a policyholder was effective to terminate various coverages under an automobile insurance policy.

The Circuit Court of Roane County found that the insurance company had not effectively cancelled the insurance policy, holding that the cancellation notice mailed to the policyholder was ambiguous and did not indicate a clear intent by the insurance company to cancel the policy. The circuit court therefore held that the policyholder was entitled to coverage under the policy, and was entitled to recover attorney's fees and costs from the insurance company.

As set forth below, we agree with the insurance company that the cancellation notice was not ambiguous, and was effective to terminate coverage. We therefore reverse the circuit court's conclusions.

I.

On March 17, 1998, appellee Donna Drake Gandee purchased an automobile insurance policy from appellant Allstate Indemnity Company ("Allstate"). The policy provided liability coverage of $50,000.00 per person up to $100,000.00 per accident, and $25,000.00 in property damage coverage. The policy also provided the same limits of uninsured motorist coverage and underinsured motorist coverage. Lastly, the appellee purchased medical payments coverage with a limit of $5,000.00 per person.

The Allstate policy covered the period from March 18, 1998, through September 18, 1998, and had a total premium of $1,216.00. The appellee paid $198.46 on March 17, and agreed to pay the remaining premium on a monthly basis.

On March 30, 1998, Allstate mailed a bill to the appellee indicating that the appellee was required to make her first monthly premium payment of $213.44 by April 18, 1998. It is undisputed that the appellee did not make any payments to Allstate by that date.

Pursuant to the terms of the insurance policy, on April 28, 1998, Allstate sent the appellee a document entitled "AUTOMOBILE CANCELLATION NOTICE FOR NON–PAYMENT OF PREMIUM." The cancellation notice was delivered to and accepted by the appellee via certified mail. This cancellation notice contained, in bold text, the following warning:

The insurance afforded under your policy will be terminated effective at 12:01 a.m. Standard Time on June 6, 1998.

Additionally, the cancellation notice set forth in a separate block the "Cancel Date and Time" of June 6, 1998 at 12:01 a.m. The notice states that the reason for the cancellation was the appellee's failure to pay her monthly insurance premium.

The appellee did not respond to Allstate's April 28, 1998 cancellation notice. On June 12, 1998, 6 days after Allstate contends that the policy was cancelled, the appellee's husband, Karl Gandee, was a passenger in a vehicle driven by Sean Taylor. Mr. Taylor swerved to avoid another vehicle, lost control of his vehicle, and Mr. Gandee was killed.

The appellee subsequently filed a claim against the Allstate policy seeking uninsured motorist coverage, underinsured motorist coverage, and medical payments coverage for the death of her husband. Allstate denied the claim, alleging that the policy had been cancelled on June 6, 1998, because of the appellee's failure to pay her monthly premium.

Allstate and the appellee attempted to negotiate the appellee's claims, and eventually entered into a written contract indicating that the parties would submit the sole issue of the validity of the cancellation notice to a circuit court for review. The instant declaratory judgment action was then filed in the circuit court.

After receiving briefs and motions for summary judgment from the parties, on July 26, 1999, the circuit court entered an order granting summary judgment to the appellee. The circuit court found that the Allstate cancellation notice mailed to the appellee reflected an "Amount Past Due," and concluded that the inclusion and placement of these words in the notice was intended to induce the appellee to send money to Allstate. The circuit court therefore concluded that the cancellation notice was ambiguous, and did not effectively cancel the policy on June 6, 1998. In sum, the circuit court held that the appellee's claims for her husband's death on June 12, 1998, would be covered by the policy.

Several weeks later, on August 19, 1999, the circuit court entered a second order compelling Allstate to pay the appellee's attorney's fees and costs. The circuit court concluded that because the appellee was successful in her declaratory judgment action against her insurer, she was lawfully entitled to recover her reasonable attorney's fees and costs arising from the litigation. *See Aetna Cas. & Sur. Co. v. Pitrolo,* 176 W.Va. 190, 342 S.E.2d 156 (1986).

Allstate now appeals the circuit court's two orders.

## II.

 This Court reviews a circuit court's entry of a declaratory judgment *de novo*, since the principal purpose of a declaratory judgment action is to resolve legal questions. Syllabus Point 3, *Cox v. Amick,* 195 W.Va. 608, 466 S.E.2d 459 (1995). When a declaratory judgment proceeding involves the determination of an issue of fact, that issue may be tried and determined by a judge or a jury, just as issues of fact are tried and determined in other civil actions. *W.Va.Code,* 55–13–9 [1941]. Any determinations of fact made by the circuit court or jury in reaching its ultimate judgment are reviewed under a clearly erroneous standard. *Cox,* 195 W.Va. at 612, 466 S.E.2d at 463.

In the instant case, we are asked to review the sufficiency of a purported cancellation notice which also informed the policyholder that the policy was being cancelled because of an "amount past due."

 We have previously stated that the purpose of a cancellation notice "is to make the insured aware that the policy is being terminated and to afford the insured the time to obtain other insurance prior to termination of the existing policy." *Conn v. Motorist Mut. Ins. Co.,* 190 W.Va. 553, 557, 439 S.E.2d 418, 422 (1993), *quoting Automobile Club Ins. Co. v. Donovan,* 550 A.2d 622, 623 (R.I. 1988). To achieve this goal, the cancellation notice must be clear, and must unambiguously inform the policyholder that the policy will be cancelled on a future date. As we held in the sole syllabus point of *Staley v. Municipal Mutual Insurance Co. of West Virginia,* 168 W.Va. 84, 282 S.E.2d 56 (1981):

A notice of cancellation of insurance must be clear, definite and certain. While it is not necessary that the notice be in any particular form, it must contain such a clear expression of intent to cancel the policy that the intent to cancel would be apparent to the ordinary person. All ambiguities in the notice will be resolved in favor of the insured.

In the instant case, the parties dispute the application of *Staley,* and dispute whether the April 28, 1998 cancellation notice "contain[ed] such a clear expression of intent to cancel the policy that the intent to cancel would be apparent to the ordinary person."

 Allstate argues that the cancellation notice was clear, and points to the unequivocal statement, written in bold text, that "The insurance afforded under your policy will be terminated ..." The cancellation notice also provided the appellee with a date certain when the insurance coverage would cease—June 6, 1998—and informed the appellee the date by which she would have to purchase replacement coverage. Allstate lastly points to the language, written in large, bold-faced capital letters, that appears at the top of the cancellation notice: AUTOMOBILE CANCELLATION NOTICE FOR NON–PAYMENT OF PREMIUM. The appellant argues that this language simply states the reason for cancellation: the policy was being terminated for failure to pay premiums.

The appellee argues that the inclusion of the language "amount past due" creates an ambiguity in the cancellation notice. The appellee asserts that the placement of this language near the top of the page would

suggest to any policyholder that coverage could be continued if the policyholder merely paid the amount past due.[1]

After carefully reviewing the cancellation notice, we do not find the language chosen by Allstate to be in any way ambiguous. The notice mailed to the appellee would clearly communicate to an ordinary person that the insurance company intended to cancel coverage under the policy on June 6, 1998. The inclusion of language in the instant cancellation notice indicating that the policy was being terminated for failing to pay past due premiums does not, standing alone, render the notice ambiguous.

The circuit court therefore erred in its finding that the cancellation notice was ambiguous. Additionally, the circuit court erred in holding that the appellee was entitled to recover her attorney's fees and costs from Allstate.

### III.

For the reasons set forth above, the circuit court's July 26, 1999 and August 19, 1999 orders are reversed and this matter is remanded for further proceedings consistent with this opinion.

Reversed and Remanded.

Justice McGRAW dissents.

---

1. Allstate argues that the inclusion of the "amount past due" language in the cancellation notice was effective under *W.Va.Code*, 33–6A–3 [1998], which states (with emphasis added):

 *In every instance in which a policy or contract of automobile liability insurance which has been in effect sixty days or which has been renewed is canceled by the insurer, the insurer or its duly authorized agent shall, in the notice of cancellation or at the written request of the named insured, specify the reason or reasons relied upon by the insurer for the cancellation. These reasons shall be stated in a written notice and shall, if not provided in the notice of cancellation, be made within thirty days after the request: Provided, That there shall be no liability on the part of, and no cause of action shall arise against, any insurer or its agents or its authorized investigative sources for any statements made with probable cause by the insurer, agent or investigative source in a writ-* ten notice required to be given pursuant to this section. *A notice of cancellation for nonpayment of premium is not void on the grounds that the notice includes the amount of premium due or the date by which payment was to be paid.*

 We reject Allstate's arguments for two reasons, and do not believe that this statute is applicable to the instant case. First, the policy in question had not been "in effect for sixty days" when the cancellation notice was mailed, as required by the statute. Second, the emphasized language which Allstate seeks to rely upon was added to the statute and did not take effect until June 12, 1998, the same day that Karl Gandee was killed, and over 6 weeks after Allstate mailed the cancellation notice to the appellee. *See* 1998 *Acts of the Legislature*, ch. 184.

 We therefore examine the arguments of the parties under existing legal principles.