188 So.2d 474 (1966)
Freida A. TOWNZEN et al., Plaintiff-Appellee,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellant.
No. 1759.
Court of Appeal of Louisiana, Third Circuit.
July 1, 1966.
Rehearing Denied July 28, 1966.
Hall, Raggio & Farrar, R. W. Farrar, Jr., Lake Charles, for defendant-appellant.
Rogers, McHale & St. Romain, by Robert M. McHale, Lake Charles, for defendant-appellee.
E. C. Hamilton, Lake Charles, for plaintiff-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
This case is an action for damages arising out of an automobile accident that occurred on September 6, 1964, in the intersection of Kirkman and Gulf Streets in the City of Lake Charles, Louisiana. The action is brought by Mrs. Townzen for damages for her personal injuries, by her husband for medical expenses and losses sustained by the community existing between them, and by Mr. Mott for damages to his Chevrolet sedan owned and operated by him at the time of the accident. Mrs. Townzen was a guest passenger in Mott's vehicle, which was traveling south on Kirkman Street and was involved in a collision with a Chevrolet sedan owned and operated by Clyde L. Trahan which had been traveling west on Gulf Street. The defendants are Mr. Trahan and his alleged liability and property damage insurer, Allstate Insurance Company.
Allstate denied any coverage whatsoever, and after answering plaintiffs' petition, filed a motion for summary judgment. With this motion for summary judgment *475 the affidavit of H. L. Denton was filed. Mr. Denton was the mailroom supervisor of Allstate at Jackson, Mississippi, and deposed that on June 24, 1964, under his supervision, a notice was mailed by Allstate, from its office located in Jackson, Mississippi, advising Mr. Clyde L. Trahan, Sr. that the policy of Allstate bearing No. 45 185 442AL 11/12 insuring a 1963 Chevrolet sedan had been cancelled effective July 8, 1964; that the proper postage was inserted on the envelope; and that the envelope and/or notice of cancellation was not returned by the post office. Mr. and Mrs. Trahan filed an affidavit stating that they did not receive the notice. The motion for summary judgment was denied, and the matter proceeded to trial.
At the trial, in addition to the affidavit of Mr. Denton which was introduced in the evidence, the additional testimony of David G. Blankenhorn was elicited by Allstate. Mr. Blankenhorn, a division manager of Allstate, under whose supervision Allstate receives premiums and cancels policies, testified that on December 23, 1963, a letter was mailed to 3927 South Common Street, Lake Charles, Louisiana, to Mr. Trahan, telling him there was an additional charge of $25.20 to be added to his insurance policy because of the discovery by the company that Mr. Trahan's car was used in business. When no such additional premium was received, a notice of cancellation was sent on February 25, 1964, telling Mr. Trahan his policy would be cancelled for non-payment of premiums effective March 9, 1964. Subsequently a partial payment of $15.00 was made. Accordingly, the policy was reinstated March 10, 1964, after a lapse of one day. Again there was a lapse in payments, and Mr. Blankenhorn testified another notice of cancellation was mailed effective July 5, 1964. Mr. Trahan did not pay the premium. Mr. Blankenhorn testified that in all of his correspondence ordinary mail was used. No correspondence to Mr. Trahan returned to the Allstate office. All correspondence was addressed to "Mr. Clyde L. Tranan".
Mr. Trahan says the first he knew that he was charged an extra premium because the car was used for commercial purposes was in October, 1964. Mr. Trahan denies ever receiving a notice of cancellation. This was corroborated by his wife, Mrs. Trahan.
The district court held that there was coverage, stating that the insurer failed to prove that the insured had actually received the notice of cancellation, and awarded Mr. Townzen $636.30; Freida Townzen $1,500.00; and Orville J. Moss $94.35.
From this judgment, defendant, Allstate Insurance Company, appealed to this Court.
The statute involved in the instant case is LSA-R.S. 22:636, which reads as follows:
"A. Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:
"(1) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation.
"(2) Like notice must also be so delivered or mailed to each mortgagee, pledgee, or other known person shown by the policy to have an interest in any loss which may occur thereunder.
"B. The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his last address as known to the insurer or as shown by the insurer's records, with proper prepaid postage affixed, *476 in a letter depository of the United States Post Office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned by the Post Office upon failure to find, or deliver the mailing to the addressee.
"C. The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed."
Counsel for Allstate contends that under the provisions of the above quoted statute, when the notice of cancellation was sent by Allstate to plaintiff by ordinary mail, it created a presumption that plaintiff had received said notice of cancellation; and, accordingly, the judgment of the district court should be reversed.
The contention made by counsel is very plausible, except for the fact that the appellate courts of this State have held that in considering the above quoted statute, the burden of proof is on the insurer to show that the insured has received notice of cancellation of a policy issued by it in order that the insurer may be relieved of liability. See Skipper v. Federal Insurance Company, 238 La. 779, 116 So.2d 520; Long v. Home Indemnity Co. of New York (La.App., 2 Cir., 1936), 169 So. 154; Alexander v. State Farm Mutual Automobile Insurance Company (La.App., 1 Cir., 1962), 148 So.2d 898; and Anderson v. Fontenot (La.App., 3 Cir., 1964), 163 So.2d 366.
In the Skipper case, supra, our Supreme Court interpreted LSA-R.S. 22:636, subd. C as follows:
"While it is true that there is a prima facie presumption of delivery under the statute quoted above upon proof of proper mailing, this presumption is rebuttable by positive evidence of lack of delivery or receipt. Paz v. Implement Dealers Mutual Insurance Company, La.App., 89 So.2d 514."
Thus, in the present case, the affidavits and testimony introduced by defendant insurer to prove proper mailing of the Notice of Cancellation was rebuttable by the evidence of plaintiffs to show lack of delivery or receipt. It was a question of fact for the trial judge, and his evaluation of the evidence depended largely on the credibility of the witnesses. We find no manifest error in the trial judge's holding of fact that the Notice of Cancellation was not received by Trahan.
We, therefore, conclude that the trial judge was correct in holding that the policy in the instant case had not been cancelled.
Counsel for Allstate does not seriously question the negligence of Trahan, nor has he raised in his brief or in his oral argument, any question as to quantum.
Without detailing the medical evidence in the instant case, in view of the decisions of the Supreme Court in the cases of Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149, as clarified in Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64, we affirm the decision of the trial judge insofar as quantum is concerned.
For the reasons assigned the judgment of the district court is affirmed at appellant's costs.
Affirmed.

On Application for Rehearing.
En Banc Rehearing denied.