LE SUEUR, Judge.
Plaintiff has appealed from a judgment in his favor against Alva G. Dalon in the amount of $2,000.00, and which dismissed his claim against the other defendants. Alva G. Dalon answered this appeal but did not file a brief before nor appear at the time of submission of. the case. We will, therefore, consider the answer to plaintiff’s appeal abandoned by Mrs. Dal-on.
This action arose from an automobile collision which took place on the Chef Menteur Highway between 11:00 and 12:00 o’clock p. m. on November 15, 1966. Alva G. Dalon was the driver of the automobile which struck the rear of plaintiff’s automobile and caused it to erupt in flames. As a result of the accident, plaintiff’s automobile was totally destroyed and Alva G. Dalon was given a citation for reckless operation of a vehicle. Since the answer to the appeal was abandoned, the facts concerning the accident and plaintiff’s resulting injuries or the medical costs claimed by plaintiff are all uncontroverted and the trial judge’s determination that the accident and plaintiff’s injuries resulted from the negligence of Mrs. Dalon is a final determination of those matters.
In the trial court plaintiff asserted that he had a policy of public liability insurance, including uninsured motorist coverage, issued by New York Fire and Marine Underwriters, Inc. (“New York”) and in force at the time of the accident. New York denied coverage due to the policy being cancelled for nonpayment of premiums as of October 30th by their representative in Louisiana, the Tri-State General Agency, Inc., notice of which had been sent to plaintiff. New York produced a receipt from the Post Office in Bossier City, acknowledging receipt on October 19th of one piece of ordinary mail addressed to plaintiff at his correct address. New York also submitted the affidavit of Mrs. Juanita Beasley, wherein she stated:
“1. That she, affiant, is employed by Tri-State General Agency, Inc. and was so employed on October 19, 1966.
“2. That on October 19, 1966, she mailed, postage prepaid, a Notice of can *223 cellation to Edmond Breckenridge at 205 Flake Avenue, New Orleans, Louisiana, cancelling New York Fire & Marine Underwriters, Inc.’s policy number FAL 1025600, effective October 30, 1966.
“3. That at the time of said mailing, she executed a U. S. Post Office form 3817, certifying the said mailing.”
Mr. Charles A. Turner, a vice-president of Tri-State, stated that the notice of cancellation consists of an original and four copies: the original goes to the insured, a copy goes to the producing agent, a copy goes to the Insurance Commissioner in Baton Rouge, a copy goes to the company writing the coverage, and a copy is retained for Tri-State’s records. All had been sent postage prepaid as ordinary mail and none, including plaintiff’s, had been returned for any reason.
Plaintiff denied receipt of the notice of cancellation either before or after the accident. He also testified that he had no trouble receiving mail normally and that the address used for the cancellation notice was correct.
Plaintiff also sought recovery from Avery V. Spear and the Sinclair Agency, Inc. on the theory that they were negligent in not notifying plaintiff that the policy in question was cancelled and in not securing other insurance for plaintiff. Mr. Spear testified that he remembered receiving his copy of the cancellation notice and forwarded it to plaintiff a few days later as a “double reminder” that coverage would cease on October 30th. Plaintiff denied receipt of this notice also.
The trial judge gave brief written reasons for judgment and on the issue of receipt of the cancellation notice by plaintiff concluded that “* * * plaintiff, Edmond Breckenridge, received' notice of cancellation of the liability policy issued by defendant, New York Fire and Marine Underwriters, Inc.” It is this part of the judgment to which plaintiff has directed his argument before this court.
Plaintiff argues that LSA-R.S. 22:636 only creates a rebuttable presumption of the mailing and receipt of a cancellation notice and we agree with this statement. LSA-R.S. 22:636 states, in pertinent part:
“A. Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:
“(1) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation.
“(2) Like notice must also be so delivered or mailed to each mortgagee, pledgee, or other known person shown by the policy to have an interest in any loss which may occur thereunder.
“B. The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his last address as known to the insurer or as known by the insurer’s records, with proper prepaid postage affixed, in a letter depository of the United States Post Office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned by the Post Office upon failure to find, or deliver the mailing to the addressee.
“C. The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed.
«* * * ”
While the presumption of receipt given in § 636 is rebuttable, it can only be rebutted by sufficient and proper evidence. The trial judge concluded that plaintiff re *224 ceived the notice of cancellation after hearing plaintiff testify that he had not received it. Therefore, the trial judge must have determined that he did not believe plaintiff and that the presumption evidenced by the Post Office receipt and affidavit presented had not been rebutted.
Plaintiff on appeal relies heavily on three cases in support of his position. In Skipper v. Federal Insurance Company, 238 La. 779, 116 So.2d 520 (1959), the court decided that the presumption had been rebutted because the cancellation notice was not addressed to the latest address of the insured as known to the agent of the insurer and that this knowledge was imputed to the insurer. In Alexander v. State Farm Mutual Automobile Ins. Co., 148 So.2d 898 (La.App. 1st Cir.1962), the court on rehearing (1963) held that the insurer had not raised the presumption of receipt of the cancellation notice because, although it alleged that the notice was sent by certified mail, it could not produce a return receipt nor any evidence to show delivery to the Post Office for delivery to the insured. The insured denied receipt of the notice and was substantiated by two witnesses. The third case, Townzen v. Allstate Insurance Company, 188 So.2d 474 (La.App. 3rd Cir.1966), is almost factually identical to the present case. The insurer filed the affidavit of the employee responsible for mailing the notice stating that the notice in question had been mailed postage prepaid to the insured at his correct address and had not been returned. The insured filed an affidavit denying receipt of the notice. The trial court found that the insured had not received the notice of cancellation and that the policy was in effect at the time of the accident. The Appellate Court held:
“Thus, in the present case, the affidavits and testimony introduced by defendant insurer to prove proper mailing of the Notice of Cancellation was rebuttable by the evidence of plaintiffs to show lack of delivery or receipt. It was a question of fact for the trial judge, and his evaluation of the evidence depended largely on the credibility of the witnesses. We find no manifest error in the trial judge’s holding of fact that the Notice of Cancellation was not received by Tra-han.
“We, therefore, conclude that the trial judge was correct in holding that the policy in the instant case had not been cancelled.”
We agree with the law as cited by plaintiff in the Townzen case, supra. By applying the law there cited to the present case, where the trial judge in written reasons concluded that “* * * plaintiff, Edmond Breckenridge, received notice of cancellation of the liability policy issued by defendant, New York Fire and Marine Underwriters, Inc.”, we must affirm the decision dismissing plaintiff’s claim against New York.
We find no error in the judgment appealed from and the same is hereby affirmed.
Affirmed.