CHEHARDY, Judge.
Defendant, Motors Insurance Corporation (MIC),[1] appeals from a city court judgment *1371 awarding plaintiff, Eddie Green, damages for the defendant’s breach of contract in the amount of $999 together with interest from the date of judicial demand, defendant to pay all costs of the proceedings.
The record reflects that the plaintiff purchased a Pontiac automobile from General Motors Acceptance Corporation (GMAC) in May of 1974, and there was a chattel mortgage on the car held by MIC.
The plaintiff testified his down payment for the vehicle was $1,500, and his monthly notes, which commenced in July, of 1974, were $184. It is uncontroverted that the plaintiff made these payments timely until the theft of the vehicle in May of 1975. Plaintiff also testified he was living at 1517 Admiral Street in Morrero, Louisiana, at the time of the purchase and that he continued to reside there until August or September of 1974.
Mrs. Betty Landry testified that during 1974 she was employed by MIC as an underwriting clerk and that on June 28, 1974, she mailed a notice to the plaintiff of cancellation of his double interest insurance coverage on the vehicle, to become effective on July 8, 1974.
Defendant also produced a copy of the cancellation letter sent to Green dated June 27, 1974, and a copy of the application for registration stamped by the post office, on which Green’s name and the Admiral Street address appeared, dated June 28, 1974. Although Landry testified no return receipt was requested from the post office she stated MIC’s return address appeared on its envelope of correspondence and, furthermore, that Green’s notice of cancellation was never returned to MIC.
Larry R. Miele testified he was an employee of GMAC in June of 1974 and that his records reflected the company received notice of the cancellation of Green’s insurance effective July 8, 1974. He testified the company then notified Green on July 12,1974 that unless he acquired other insurance GMAC would be forced to buy single coverage insurance on the vehicle. Miele also explained that single coverage (covering only the lien holder’s interest) was ultimately purchased by GMAC and a new payment book was later sent to Green at the Admiral Street address. He stated that although Green’s payments remained the same, they ended in February of 1977 rather than June of 1977 due to the reduced insurance coverage.
Green testified at trial that he never received a letter of cancellation from MIC and that he moved from the Admiral Street address to California in August or September of 1974.
Defendant contends the trial court erred in stating, “The court will rule in favor of the Plaintiff on the basis of MIC and GMAC stating return receipt was not requested,” and in not finding that the defendant had carried its burden of proof as to the mailing of the cancellation notice.
LSA-R.S 22:636 entitled “Cancellation by insurer” states:
“A. Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:
(1) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation.
(2) Like notice must also be so delivered or mailed to each mortgagee, pledgee, or other known person shown by the policy to have an interest in any loss which may occur thereunder.
“B. The mailing of any such notice shall be effected by depositing it in a sealed envelope, directed to the addressee at his last address as known to the insurer or as shown by the insurer’s records, with proper prepaid postage affixed, in a letter depository of the United States Post Office. The insurer shall retain in its records any such item so mailed, together with its envelope, which was returned by the Post Office upon failure to find, or deliver the mailing to the addressee.
*1372 “C. The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed.
“D. The portion of any premium paid to the insurer on account of the policy, unearned because of the cancellation and in amount as computed on the pro rata basis, must be actually paid to the insured or other person entitled thereto as shown by the policy or by any endorsement thereon, or be mailed to the insured or such person as soon as practicable following such cancellation. Any such payment may be made by cash, or by check, bank draft, or money order.
“E. This Section shall not apply to temporary life insurance binders nor to contracts of life or health and accident insurance which do not contain a provision for cancellation prior to the date to which premiums have been paid, nor to the contracts provided in Part XV of this Chapter.”
In the case of Harang v. Sparacino, 257 So.2d 785 (La.App. 4th Cir. 1971), this court addressed the present issue, stating at pages 791-792:
“We have been referred to a number of cases involving the interpretation of the provisions of LSA-R.S. 22:636 concerning the mailing and non-receipt of notices of cancellation. The statute itself does not mention receipt, but provides that cancellation may be effected only upon compliance with the requirement of written notice of cancellation either actually delivered or mailed to the insured. An examination of the jurisprudence to which we have been referred discloses that there is no case in which our appellate courts have held that it was necessary that the insured actually receive the mailed notice, although lack of receipt has been considered as evidence which could rebut an affidavit of mailing, which, if rebutted, is ‘evidence’ of mailing. Townzen v. Allstate Insurance Company, supra [188 So.2d 474 (La.App.)]. [Emphasis in the original.]

“Of course, it has been presumed that the actual mailing of a document causes its delivery and receipt in due course by the addressee. Upon this basis our courts have held, in some factual situations, that the trial court may consider that the proven failure of receipt could apparently lead to the equally as plausible presumption that the document was never actually mailed. Yet where proof of mailing is strong, as in Breckenridge [v. Dalon, 229 So.2d 221 (La.App.)] supra, the mere denial of receipt by the insured is not sufficient to invalidate the cancellation which is effective if ‘actually delivered or mailed’ as set out in section 636. * * *
“ * * * But neither section 686 nor section 636.1 requires proof of receipt of the notice, but only proper mailing. A holding that the insured was not aware of the notice of cancellation is insufficient to prevent the effectiveness of the cancellation. * * * ” (Emphasis ours.)
Moreover, this court also stated in the case of Dufrene v. Dixie Auto Ins. Co., 376 So.2d 507, 509 (La.App. 4th Cir. 1979), referring to Harang v. Sparacino, supra:
“ ‘R.S. 22:636.1(E) [22:636.1(f)] states “proof of mailing of Notice of Cancellation, or of intention not to renew or of reasons for cancellation, to the name insured at the address shown on the policy, shall be sufficient proof of notice.” Receipt of that notice is not required. * *’”
A review of the record in the present case reveals that the defendant has proven mailing sufficient to satisfy the requirements of LSA-R.S. 22:636. The plaintiff’s denial of receipt is not sufficient to invalidate the cancellation.
Accordingly, the judgment of the trial court is reversed. It is now ordered that there be judgment in favor of defendant, Motors Insurance Corporation, and the suit of the plaintiff, Eddie Green, is dismissed at his costs.

REVERSED AND RENDERED.

. Motors Insurance Corporation was erroneously designated as Motors Insurance Company in the district court judgment.