## AUTOMOBILE CLUB INSURANCE COMPANY

v.

### Barbara and James DONOVAN.

86–293–Appeal.

Supreme Court of Rhode Island

Nov. 30, 1988.

Richard L. Patz, Hines, Patz & Wolpert, Inc., Providence, for plaintiff.

Anthony E. Grilli, Providence, for defendant.

## OPINION

KELLEHER, Justice.

The plaintiff in this action, Automobile Club Insurance Company, filed a complaint in the Superior Court seeking a declaratory judgment that an automobile-liability-insurance policy issued to Barbara Donovan and her husband had lapsed or expired prior to April 12, 1983, when James, the Donovans' son, was involved in an injury-causing automobile collision. A Superior Court justice ruled in the Donovans' favor. The insurer now appeals.

The relevant facts are as follows. The insurer initially issued a six-month automobile-insurance policy to Barbara Donovan and her husband, Francis, in July 1982. This policy insured two automobiles, a 1973 Pontiac Ventura and a 1975 Dodge Dart. At the conclusion of this initial six-month period of insurance, the Donovans received and paid in full a bill providing for an additional six months of coverage.

In February 1983 Barbara Donovan requested that the insurer add her son, James, to the policy as a regular driver. Consequently the insurer forwarded to the Donovans a "revision billing notice," which stated that an additional premium of $169.84 was due because of the added insured. This notice stated that March 24, 1983, was both the "due date" and the

"expiration date" without any further explanation of the meaning of these terms.

When March 9, 1983, arrived and the insurer had not received the requested additional premium, it sent the Donovans a "final revision notice." This notice again declared that March 24, 1983, was both the "due date" and the "expiration date." On April 4, 1983, Barbara Donovan forwarded a check in the amount of the additional premium to the insurer. Upon receipt of this check the insurer notified the Donovans that their policy had been reinstated effective April 5, 1983.

In late April of 1983 the insurer was informed by its depository bank that the Donovan check of April 4, 1983, had twice been refused for insufficient funds. Therefore, the insurer informed the Donovans on April 28, 1983, that their coverage had lapsed on April 5, 1983.

Meanwhile on April 12, 1983, James Donovan was involved in a collision while driving his father's insured Pontiac. This collision caused personal injury to a passenger in the other vehicle involved and forms the basis of a lawsuit now pending in Superior Court. The Donovans demanded that the insurer defend them in this action, but it declined, insisting that policy No. 1-675416-0 had lapsed or expired several days prior to the collision.

The insurer instituted this declaratory-judgment action. Each party filed a summary-judgment motion. Subsequently, on April 28, 1986, a Superior Court justice denied the insurer's motion and granted the Donovans'. The rationale for this determination was the insurer's failure to follow the prescribed methods of canceling an automobile insurance policy as required by regulation 16.

The sole issue presented by this appeal is whether the insurer effectively canceled its insurance policy with the Donovans. In Rhode Island the procedure for canceling automobile-insurance policies is controlled by regulation 16, entitled "Automobile Insurance Policies, Cancellation and Renewal Provisions," issued and promulgated by the insurance commissioner in accordance with G.L. 1956 (1979 Reenactment) § 27-8-11.

The initial line of this regulation provides that the limitations contained therein regarding the rights of cancellation shall apply regardless of inconsistent provisions in a company's policy. Section 3(B) of regulation 16 is the section relevant to this dispute and provides:

"No insurer shall exercise its right to cancel a policy unless a written notice of cancellation is mailed or delivered to the named insured, at the address shown in the policy, at least thirty days prior to the effective date of cancellation, except that when cancellation is for nonpayment of premium such notice shall be mailed or delivered to the named insured at the address in the policy at least 10 days prior to the effective date of cancellation and shall include or be accompanied by a statement of the reason therefor. This section shall not apply to the failure to renew a policy."

It is well settled in Rhode Island that the purpose of providing notice of cancellation of an insurance policy is to make the insured aware that the policy is being terminated and to afford the insured the time to obtain other insurance prior to termination of the existing policy. *Larocque v. Rhode Island Joint Reinsurance Association*, 536 A.2d 529, 531 (R.I. 1988); *Capuano v. Kemper Ins. Companies*, 433 A.2d 949, 953 (R.I. 1981). In order for a notice of cancellation to be sufficient, it must be clear, definite, and unequivocal and declare that as of a certain date the insurer is no longer bound under the policy. *Martha Co. v. Nationwide Mutual Ins. Co.*, 473 F.Supp. 1029, 1039 (M.D. Pa. 1979); *Chapman v. Leger*, 405 So.2d 604, 606 (La.App. 1981); *Transamerica Ins. Co. v. Bank of Mantee*, 241 So.2d 822, 825 (Miss. 1970). Several courts have held that when an insurance company requests an additional premium and states that prompt payment will keep the policy in effect, this is an insufficient notice of cancellation since it is ambiguous and not sufficiently unequivocal. *Alexander v. State Farm Mutual Automobile Ins. Co.*, 148 So.2d 898, 901 (La.App. 1962); *Ellzey v. Hardware*

*Mutual Ins. Co. of Minnesota,* 40 So.2d 24, 28 (La.App. 1949).

██ Additionally all ambiguities in the cancellation notice will be resolved in favor of the insured. *Auvil v. Nationwide Mutual Fire Ins. Co.,* 222 So.2d 46 (Fla. Dist.Ct. App. 1969); *Stilen v. Cavalier Ins. Corp.,* 194 Neb. 824, 236 N.W.2d 178 (1975). Finally, when an insurer fails to comply with the insurance regulations regarding cancellation of coverage, there is no effective cancellation. *Capuano,* 433 A.2d at 953.

██ The notices sent by the insurer to the Donovans stated that an additional premium of $169.84 was due by March 24, 1983, and if the $169.84 was not received, the policy was to expire on that date. Under the *Ellzey* and *Alexander* cases this type of notice is inadequate to effect a cancellation since, by its very nature, it is equivocal and ambiguous. The notices sent by the insurer to the Donovans were also ambiguous in the sense that it is impossible to tell if the entire policy was due to expire on March 24, 1983, or merely the added coverage requested in February 1983. When an insurance company sends an ambiguous written correspondence to an insured, it must be interpreted in favor of the insured.

In light of our conclusion we find it unnecessary to decide whether the insurer had adequate legal grounds for canceling its policy with the Donovans.

We conclude that the trial justice's denial of the insurer's motion for summary judgment and his grant of the Donovans' summary-judgment motion were correct in both instances. The insurer's appeal is denied and dismissed, and the judgment appealed from is affirmed.