TREVOR G. BRYAN, J. Pro Tem.
Plaintiff, Dennis J. Talley, seeks review of the trial court’s judgment granting defendant’s, First of Georgia Underwriters Company, motion for summary judgment. Plaintiff initiated this litigation seeking to recover fire damages under his homeowners’ insurance policy issued by the defendant. First of Georgia sought a summary judgment on the basis that the policy in question had been cancelled six months prior to the fire. The trial court, after reviewing the pleadings and affidavits, granted defendant’s motion for summary judgment and dismissed plaintiff’s suit.
First of Georgia Underwriters Company issued a homeowners insurance policy to plaintiff for the premises located at 9025 Gentilly Highway in New Orleans, Louisiana. On July 9, 1981, First of Georgia mailed a Notice of Cancellation to Mr. Talley, the named insured, at the address shown on the policy as stated above with *409 the termination of the policy effective August 9, 1981. A copy of the Notice of Cancellation was also sent to the plaintiff’s insurance agent, the A.J. Pilet Insurance Agency, Inc.
Doris Alford, a senior underwriter with the Pilet Insurance Agency, upon receiving notice of the cancellation from First of Georgia, attempted to place homeowners coverage with other insurance companies. However, she was unable to do so. Thus, on July 21, 1981, Idania Hunter, another underwriter with the Pilet Insurance Agency, at the direction of Doris Alford, forwarded to Mr. Talley a letter informing him that the policy with First of Georgia had been cancelled, and that, due to the condition of the house, they were unable to place coverage with another company.
This letter was originally mailed to Talley at 3403 Marigny Street, New Orleans, Louisiana. However, the letter was returned undelivered by the postal service. Mrs. Alford then mailed the letter to Talley at the Gentilly address. This letter was not returned.
On November 3, 1981, the plaintiff met with Doris Alford and Idania Hunter at the Pilet Insurance Agency and was shown by them thé Notice of Cancellation of the First of Georgia homeowners’ policy as well as a copy of the letter they had mailed to plaintiff. Alford and Hunter explained that Talley’s policy had been cancelled and that the building, in its present condition, did not meet the underwriting requirements. Talley informed them that he had begun remodeling the building. Mrs. Alford explained that after the remodeling was completed, she would have the building inspected to determine whether a new policy of homeowners insurance could be placed with an insurance company.
On March 22, 1982, the plaintiff telephoned Mrs. Alford advising her that his house at 9025 Old Gentilly Highway had burned to the ground, and asking about the status of his homeowners insurance. Mrs. Alford reminded plaintiff that he was fully aware that the homeowners policy had been cancelled. At that point, Mr. Talley asked Mrs. Alford to “back date” a policy of homeowners insurance to cover the house which had burned down. Mrs. Alford refused plaintiff’s request.
Thereafter, the present suit was filed by plaintiff seeking damages under the homeowners policy issued by First of Georgia. Plaintiff contends on appeal, and in his opposition to the motion for summary judgment, that while First of Georgia may have mailed the notice of cancellation, he never received any such notice.
L.S.A.-R.S. 22:636, provides, in pertinent part, that:
“A. Cancellation by the insurer of any policy which by its terms is cancella-ble at the option of the insurer, or of any binder based on such a policy, may be effected as to any interest only upon compliance with either or both of the following:
(1) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation.”
Thus, written notice of cancellation must be “actually delivered or mailed” to the insured or his representative before the cancellation can be effective. Green v. Motors Ins. Corp., 389 So.2d 1370 (La.App. 4th Cir.1980), writ refused 396 So.2d 884 (La.1981).
In its motion for summary judgment, First of Georgia relied upon the affidavits of Marty W. Calton and Tim Drew, employees of First of Georgia. Mr. Calton and Mr. Drew stated in their affidavits that they mailed a written notice of cancellation to the plaintiff, Dennis Talley, at his last known address according to the insurance policy on July 9, 1981. A post office certificate of mailing was also executed by Mr. Calton on July 9, 1981. First of Georgia also attached affidavits from Ms. Hunter and Ms. Alford, employees of Pilet Insurance Agency, to its motion for summary judgment. The affidavits of Ms. Hunter and Mr.s Alford reveal that they received a copy of the cancellation letter sent by First of Georgia and that they sent a similar *410 letter to the plaintiff on July 21, 1981 after unsuccessfully attempting to place the coverage with other insurers. Ms. Hunter and Ms. Alford further stated in their affidavits that they personally met with and discussed the cancellation of the policy with Mr. Talley on November 3, 1981. At this meeting, plaintiff was shown his file, which included the notice of cancellation from First of Georgia and the letter of cancellation from the Pilet Insurance Agency.
In opposition to defendant’s motion for summary judgment, plaintiff produced an affidavit in which he states that prior to March 21, 1982, he had no knowledge that the policy in question had been cancelled, and that “he received no cancellation, oral or written, of the insurance policy from A.J. Pilet Insurance Agency, Inc. nor from First of Georgia Underwriters Company.”
This Court has consistently held that the mere denial by a policy holder of receipt of a notice of cancellation is not sufficient to invalidate the cancellation of the policy in question. Green, supra; Dufrene v. Dixie Auto Ins. Co., 376 So.2d 507 (La.App. 4th Cir.1979), writ denied, 378 So.2d 1390 (La.1980); Harang v. Sparacino, 257 So.2d 785 (La.App. 4th Cir.1971); Breckenridge v. Dalon, 229 So.2d 221 (La.App. 4th Cir.1969). As this Court acknowledged in Harang, 251 So.2d at 791, 792:
“The statute itself [R.S. 22:636 et. seq.] does not mention receipt, but provides that cancellation may be effected only upon compliance with the requirement of written notice of cancellation either actually delivered or mailed to the insured.... [TJhere is no case in which our appellate courts have held that it was necessary that the insured actually receive the mailed notice, although lack of receipt has been considered as evidence which could rebut an affidavit of mailing, which, if not rebutted, is ‘evidence’ of mailing. Townzen v. Allstate Insurance Company, supra, [188 So.2d 474 (La.App.1966), writ refused, 191 So.2d 140 (La.1966)] [emphasis in the original.]
* * * * * *
“Of course, it has been presumed that the actual mailing of a document causes its delivery and receipt in due course by the addressee. Upon this basis our courts have held, in some factual situations, that the trial court may consider that the proven failure of receipt could apparently lead to the equally as plausible presumption that the document was never actually mailed. Yet where proof of mailing is strong, as in Breckenridge [v. Dalon, 229 so.2d 221 (La.App.)] supra, the mere denial of receipt by the insured is not sufficient to invalidate the cancellation which is effective if ‘actually delivered or mailed ’ as set out in section 636 * * *
* * * But neither section 636 nor section 636.1 requires proof of receipt of the notice, but only proper mailing. A holding that the insured was not aware of the notice of cancellation is insufficient to prevent the effectiveness of the cancellation * * * ”
A summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. L.S.A.C.C.P. article 966.
Thus, the issue before us is whether defendants’ affidavits reveal compliance with the statute so as to effect cancellation of the policy. The statute requires the defendant to provide written notice of the cancellation which “must be actually delivered or mailed to the insured.”
While plaintiff’s affidavit states that he did not receive the notice of cancellation, it does not deny the assertions in defendants’ affidavits that the notice of cancellation was timely mailed to Mr. Talley. The affidavits of Ms. Alford and Ms. Hunter also support defendant’s argument that the notice of cancellation was timely and properly mailed in accordance with R.S. 22:636 et seq.
Therefore, the affidavits produced by both parties do not reflect the existence of a genuine issue of material fact. There has been no evidence that defendant did *411 not timely and properly mail the notice of cancellation to the plaintiff.
Accordingly, we find that the trial court did not err in granting defendant’s motion for summary judgment. The judgment of the trial court is hereby affirmed. All costs to be borne by appellant.
AFFIRMED.