[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiff Shelton R. Fields (Fields) brought this complaint for declaratory judgment to establish insurance coverage under an automobile liability policy issued by Defendant National Grange Mutual Insurance Company (National Grange). The parties submitted an agreed statement of facts to this Court for an adjudication on the merits.
National Grange issued an automobile liability insurance policy containing uninsured motorists coverage to Fields on December 7, 1988. The policy's term was effective from December 7, 1988 through December 6, 1989. Pursuant to the terms of the policy, a premium payment was due and owing to National Grange on February 2, 1989. On February 14, 1989, National Grange mailed to Fields a notice of policy cancellation effective March 2, 1989. The notice of cancellation clearly stated that the policy would be cancelled absent a premium payment from Fields prior to March 2, 1989.
On March 9, 1989, Fields was injured in an automobile accident involving an uninsured motorist. Having failed to remit the premium payment by the March 2, 1989 deadline, Fields received from National Grange a cancellation memo on March 12, 1989 indicating that his insurance policy was cancelled effective March 2. On March 22, Fields filed an uninsured motorist claim with National Grange relative to the March 9 accident. National Grange denied the claim arguing that Fields nonpayment of the policy premium resulted in cancellation of the policy prior to the accident.
The only issue in dispute is whether National Grange's February 14, 1989 notice of cancellation was sufficient to terminate its obligation to provide insurance coverage as of March 2, 1989. Both parties cite Automobile Club Ins. Co. v.Donovan, 550 A.2d 622 (R.I. 1988) to support their respective positions relative to the effectiveness of the February 14 cancellation notice.
Addressing the effectiveness of an insurer's cancellation notice, the Donovan court held that a notice of cancellation is sufficient only when it clearly, definitely, and unambiguously states that the insurer is no longer bound by the policy. Id.
at 623. Relying on Alexander v. State Farm Mutual Ins. Co.,148 So.2d 898 (La. App. 1962) and Ellzey v. Hardware Mutual Ins.Co., 40 So.2d 24 (La. App. 1949), the Rhode Island Supreme Court found that a cancellation notice is not sufficiently unequivocal where, prior to cancellation, it demands prompt payment of the premium to continue the policy in effect. Donovan, supra, at 623. Although Donovan involved a cancellation notice relative to the nonpayment of additional premiums for an added insured, the principles relative to notice sufficiency still apply. The notice must clearly and unequivocally show a present cancellation and not a mere intent to cancel the policy at sometime in the future or upon the failure of some condition. See 45 C.J.S., Insurance, § 450 p. 88.
In Alexander and Ellzey, the court addressed the sufficiency of a cancellation notice. The cancellation notices involved in these cases essentially stated that the insurance policy would be cancelled unless payment was received by the effective date. In both instances the reviewing court found that the cancellation notice was ineffective since it represented a demand for payment rather than an unequivocal notice of cancellation. See Alexander, supra, at 901; Ellzey,supra, at 28.
Turning now to the case at bar, the February 14, 1989 cancellation notice under which National Grange alleges Fields' policy was effectively cancelled appears to be insufficient. The first paragraph of the notice specifically states that the policy is cancelled as of March 2, 1989 unless payment of the total or minimum policy premium is received by the effective date. This language clearly imposes a premium payment condition upon the effective date of cancellation. Like the cancellation notices considered in Alexander and Ellzey, National Grange's notice to Fields reads more like a demand for payment than an unequivocal, unambiguous notice of cancellation.
Under Donovan, Alexander, and Ellzey, it is clear that a cancellation notice imposing conditions on policy cancellation is ineffective since it is not sufficiently unequivocal, unambiguous, or definite. A careful reading of National Grange's notice of cancellation indicates that the policy would not have been terminated if timely payment was received. Since this language does not unequivocally and unambiguously show a present cancellation of the policy, this Court finds that the February 14, 1989 cancellation notice was not effective to terminate Shelton Fields' insurance coverage prior to the March 9, 1989 accident. National Grange, therefore, is obligated to provide Shelton Fields with insurance coverage for the March 9, 1989 accident in accordance with the policy.
Counsel shall prepare an appropriate judgment for entry.