**METROPOLITAN GROUP PROP-
ERTY AND CASUALTY IN-
SURANCE COMPANY**

v.

Devin C. LOPES et al.

No. 2002–186–Appeal.

Supreme Court of Rhode Island.

June 2, 2003.

Thomas R. Bender, David P. Whitman, Providence, for Plaintiff.

Peter J. Comerford, Robert J. Bevilacqua, Providence, for Defendant.

Present WILLIAMS, C.J., FLANDERS, GOLDBERG, JJ., and SHEA, J. (Ret.).

## OPINION

PER CURIAM.

This case came before the Court for oral argument on March 10, 2003, pursuant to

an order that directed all parties to appear and show cause why the issues raised on this appeal should not summarily be decided. After considering the arguments of counsel and the memoranda filed by the parties, we are of the opinion that cause has not been shown, and shall proceed to decide the case at this time.

The defendant, Rexford A. Sylvia (Sylvia or defendant), appeals the trial justice's decision granting summary judgment in favor of plaintiff, Metropolitan Group Property and Casualty Insurance Company (Met Group or plaintiff).[1] For the reasons set forth below, we affirm.

The plaintiff filed a complaint in the Superior Court seeking a declaratory judgment that an automobile insurance policy issued to defendant had lapsed before April 1, 1998, when defendant's grandson was involved in an automobile accident. At issue is whether a cancellation notice sent by plaintiff was effective to terminate defendant's coverage. The facts pertinent to this appeal are as follows.

The defendant was insured through his wife under plaintiff's automobile insurance policy providing coverage from February 8, 1998, through August 8, 1998. The wife failed to pay a premium due March 9, 1998. On March 17, 1998, she was sent a notice of cancellation stating, "[a]s of 3/17/98 your full premium payment was not received. As a result, your policy will be cancelled on the date and time shown in the box above." The stated date and time was April 1, 1998, at 12:01 a.m. However, it further stated "[w]e will reinstate your policy without interruption if we receive full premium by this date and time."

The defendant's wife failed to pay the premium by April 1, 1998. On the evening of April 1, 1998, defendant's grandson was involved in an automobile accident result-

ing in injury to a pedestrian, Kevin McDonald. On or about April 16, 1998, defendant's wife paid the premium due and the policy was reinstated effective that date. McDonald filed suit against defendant and his wife for injuries he suffered on April 1, 1998. Met Group mistakenly informed defendant that he was insured for the accident and provided an attorney to represent defendant in the suit. Met Group subsequently discovered its error and filed this action, a declaratory judgment. The plaintiff requested a declaration that coverage was terminated before the time of the accident and sought authorization for counsel representing defendant to withdraw.

The parties subsequently moved for summary judgment. In a hearing held on October 22, 2001, the trial justice granted plaintiff's motion and denied defendant's cross-motion for summary judgment. The trial justice determined that the cancellation notice was clear, definite, and unequivocal, and that the insurance policy had terminated effective April 1, 1998.

On appeal defendant submits that the cancellation notice sent by plaintiff was ineffective to terminate coverage. Citing to *Automobile Club Insurance Co. v. Donovan*, 550 A.2d 622 (R.I.1988) (*Auto Club*), defendant argues that requesting payment of an additional premium which would result in reinstatement of the policy created an ambiguity that rendered the notice of cancellation ineffective as a matter of law. *See also Elkins v. State Farm Mutual Automobile Insurance Co.*, 197 W.Va. 412, 475 S.E.2d 504 (1996) (to effectively cancel policy, insurer must omit references to amount due). The plaintiff counters that there is a distinction between a billing notice (sent before payment is past due) stating that the policy will be canceled if

1. Sylvia is the only defendant who filed an    appeal from the judgment in favor of plaintiff.

the premium is not paid by the due date, and a notice of cancellation that permits a past-due premium to be paid during the statutory grace period. The plaintiff argues that the Met Group notice was characterized as the latter type of notice and effectively canceled defendant's policy.

■ This Court reviews a motion for summary judgment *de novo,* using the same criteria as applied in the trial court. *Heflin v. Koszela,* 774 A.2d 25, 29 (R.I. 2001) (citing *Kiley v. Patterson,* 763 A.2d 583, 585 (R.I.2000)). The Court will uphold the trial justice's order granting summary judgment "[o]nly when a review of the evidence in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Kiley,* 763 A.2d at 585).

Automobile insurance policy cancellation is regulated by the Department of Business Regulation Division of Insurance Regulations, promulgated by the commissioner of insurance in accordance with G.L. 1956 § 27–8–11. Insurance Regulation 16 provides:

> "No insurer shall exercise its right to cancel a policy unless a written notice of cancellation is mailed or delivered to the named insured, at the address shown in the policy, at least thirty days prior to the effective date of cancellation, except that when cancellation is for non-payment of premium such notice shall be mailed or delivered to the named insured at the address in the policy at least ten (10) days prior to the effective date of cancellation and shall include or be accompanied by a statement of the reason therefore[.] [T]his section shall not apply to the failure to renew a policy." R.I.Code R. 02–030–016–4(B) (2003).

This Court set the standard for effective notice of cancellation in *Auto Club.* In *Auto Club,* the plaintiff sought to add her son to her automobile insurance policy. She twice was issued a "revision billing notice" from her insurer, which indicated that payment was due for the additional coverage. The notice said that March 24, 1983 was both the "due date" and "expiration date," but did not include an explanation of those terms. *Auto Club,* 550 A.2d at 623. The plaintiff sent a check on April 4, 1983, and the plaintiff's policy was reinstated, effective April 5, 1983. However, the check was returned twice for insufficient funds, and the insurer informed the plaintiff on April 28, 1983, that her policy had lapsed on April 5, 1983. *Id.* On April 12, 1983, plaintiff's son was involved in a collision. The insurer refused to defend the plaintiff in the suit that followed, alleging that the insurance policy had lapsed on April 5, 1983.

■ This Court ruled for the plaintiff, finding that the cancellation notices were ineffective because the language used was "equivocal and ambiguous." *Auto Club,* 550 A.2d at 624. "In order for a notice of cancellation to be sufficient, it must be clear, definite, and unequivocal, and declare that as of a certain date the insurer is no longer bound under the policy." *Id.* at 623. Citing to other courts, we held that "when an insurance company requests an additional premium and states that prompt payment will keep the policy in effect, this is an insufficient notice of cancellation since it is ambiguous and not sufficiently unequivocal." *Id.* Furthermore, "all ambiguities in the cancellation notice will be resolved in favor of the insured." *Id.* at 624.

The defendant's reliance on the statement that a notice of cancellation is ineffective when an insurance company requests an additional premium is mis-

guided. In *Auto Club*, 550 A.2d at 622, the plaintiff was issued the revision billing notice before the account had become past due. Other courts have made this distinction, holding that "[a] notice of intent to cancel is nothing more than a demand for payment, whereas a notice of cancellation positively puts an insured on notice that the policy will be cancelled." *State Farm Mutual Automobile Insurance Co. v. Villneuve*, 747 So.2d 777, 780 (La.Ct. App.1999).

■ Courts have held that a notice must "clearly and unequivocally show a *present cancellation*." *Ellzey v. Hardware Mut. Ins. Co. of Minnesota*, 40 So.2d 24, 28 (La.Ct.App.1949) (emphasis added); *see also Alexander v. State Farm Mutual Automobile Insurance Co.*, 148 So.2d 898 (La.Ct.App.1963). We held that "the purpose of providing notice of cancellation of an insurance policy is to make the insured aware that the policy is being terminated and to afford the insured the time to obtain other insurance prior to termination of the existing policy." *Auto Club*, 550 A.2d at 623. Thus, although a mere demand for payment may not be interpreted as an insurer's intent to end its relationship with the insured, a cancellation notice for nonpayment may so be construed. Moreover, "[w]hen a notice of cancellation for nonpayment is mailed and the policy thereby cancelled, the policyholder cannot claim unfair surprise." *Norman v. State Farm Mutual Automobile Insurance Co.*, 201 Ariz. 196, 33 P.3d 530, 534–35 (Ct.App. 2001).

Courts in other jurisdictions have declined to nullify a notice as a cancellation mechanism merely because it affords the insured an opportunity to reinstate the policy upon payment. *Norman*, 33 P.3d at 536 (cancellation notice effective if clear and unequivocal and insurance company's

intent to cancel is apparent to ordinary person). Rather, when a notice refers to an amount due, without any explanation, "this creates uncertainty for the policyholder that results in a disqualifying ambiguity." *Id.* Thus, the insurer's intent to cancel must be " 'apparent to the ordinary person.' " *Id.*

■ *Auto Club* is also distinguished from this case because in *Auto Club* it was impossible to tell whether the entire policy was due to expire for nonpayment or only the added coverage requested. *Auto Club*, 550 A.2d at 624. "Each cancellation notice must be judged individually by its language and the circumstances in which it is issued to determine whether any disqualifying ambiguity has been created." *Norman*, 33 P.3d at 537.

■ In this case, the cancellation notice indicated that defendant's premium was "past due." Although payment made by April 1, 1998 would have reinstated defendant's policy, the remittance portion of the notice clearly stated, "[t]he notice above cancels your policy at the date and time shown." The date and time was listed in a box under the heading, "date and time insurance will stop." Furthermore, the policy informed defendant of her responsibility to maintain financial security throughout the registration period of her vehicle, and indicated the consequences for failing to maintain such security. All this information clearly was posted on the front side of the notice, often in bold print or block letters. Thus, we find that the plaintiff's intent to cancel for nonpayment was made apparent to defendant. We decline to hold that reference to an amount due nullifies a notice as a cancellation mechanism. Such ruling would undercut this state's policy to encourage retention of insurance policies and afford protection to the traveling public.

Thus, we affirm the trial justice's ruling that the defendant was not covered under the policy on April 1, 1998, and that Met Group is not obligated to represent the defendant in the lawsuit that followed.

For these reasons the appeal is denied and dismissed, and the judgment appealed from is affirmed. The papers of this case are remanded to the Superior Court.

Justice FLAHERTY did not participate.